IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUHAMMAD BILAL, § | | |
| TDCJ #1243447, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-3910 | |
| § | | |
| BRAD LIVINGSTON, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

The plaintiff, Muhammad Bilal (#1243447), is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Bilal proceeds *pro se* and *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

**I.   BACKGROUND**

Bilal is currently in custody at TDCJ's Terrell Unit in Rosharon, Texas. Bilal sues TDCJ Executive Director Brad Livingston and the Warden of the Byrd Unit in Huntsville, Texas. Bilal complains that he was injured in 1994, as the result of negligence at the Byrd Unit facility. In particular, Bilal alleges that he was injured while leaving his cell at the Byrd Unit when an officer on duty negligently caused the cell door to close on his hand. As the result of this officer's negligence, Bilal contends that he has no movement in three of his

fingers. Bilal seeks unspecified damages from the defendants under 42 U.S.C. § 1983 and the Texas Tort Claims Act. The Court concludes, however, that Bilal's complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review

a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.  DISCUSSION

#### A.  Limitations

Bilal's complaint fails because it is untimely. The pleadings reference an incident that occurred, if at all, over ten ago in July of 1994. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the above-referenced claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

According to pleadings filed by Bilal, he was aware of the facts surrounding his claim no later than July of 1994, when his hand was injured. Bilal's complaint is post-marked November 14, 2005, which is well outside the two-year limitations period for the allegations which form the basis of his claims. Claims brought that are plainly barred by the applicable

statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Bilal waited more than two years to file suit from the time these claims accrued, the above-referenced claims are subject to dismissal as frivolous. *See Gartell*, 981 F.2d at 256.

### B.  Personal Involvement

Alternatively, the pleadings fail to demonstrate that the supervisory officials listed as defendants, TDCJ Executive Director Brad Livingston and the Warden of the Byrd Unit, had any personal involvement in the incident that forms the basis of the complaint. Rather, Bilal blames his injury on negligent conduct by an unidentified correctional officer.

Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). Supervisory officials can only be held liable if the plaintiff demonstrates that either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). The conclusory allegations made by Bilal do not demonstrate that either Livingston or the Byrd Unit Warden had the requisite involvement with the

4

incident in question. Therefore, the Court concludes that the complaint against these defendants fails for this additional reason.

### C.     Negligence Claims

Further, the complaint plainly alleges that the injuries were caused, if at all, as the result of negligence and not as the result of any intentional misconduct. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g., Daniels v. Williams*, 474 U.S. 327 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (finding allegations that prison officials negligently jeopardized an inmate's safety insufficient to state a failure-to-protect claim under 42 U.S.C. § 1983); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (emphasizing that allegations of negligence are simply insufficient to impose liability under § 1983). Because the plaintiff has not alleged that the conduct was deliberate, as opposed to merely negligent, the Court concludes that his complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim under 42 U.S.C. § 1983.

### IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), as frivolous.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Muhammad Bilal (TDCJ #1243447) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **November 28, 2005.**

_____
Nancy F. Atlas
United States District Judge